UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| ACIE JONES, JR., § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. V-04-0005 |
| DOUG DRETKE, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| § | |
| Respondent. § | |

## MEMORANDUM & ORDER

Pending before the Court is Respondent's Motion for Summary Judgment (Dkt. #8). After considering the parties' arguments and the applicable law, the Court is of the opinion that Respondent's motion for summary judgment should be GRANTED.

## FACTUAL BACKGROUND

On December 11, 2002 Petitioner plead guilty to the charge of "Delivery of Cocaine – Enhanced to 2nd Degree by a Prior Felony Conviction" in the District Court of the 24th Judicial District, Jackson County, Texas. Petitioner was sentenced to four years imprisonment in the Institutional Division of the Texas Department of Criminal Justice. Petitioner filed a state writ of habeas corpus application on April 8, 2003, which was denied without written order by the Texas Court of Criminal Appeals. On December 25, 2003, Petitioner filed the present petition challenging his confinement on the following 5 grounds:

(1) Petitioner's plea of guilty was not knowing, voluntary, and intelligent;

(2) the indictment was defective;

(3) Petitioner's conviction was based on evidence obtained pursuant to an illegal

arrest;

(4) there was insufficient evidence to support Petitioner's conviction; and

(5) Petitioner was denied effective assistance of counsel.

The Court will consider the appropriateness of summary judgment as to each of Petitioner's allegations.

**Summary Judgment Standard**

The Court shall grant a motion for summary judgment if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Hall v. Thomas*, 190 F.3d 693, 695 (5th Cir. 1999). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998).[1] The burden is on the movant to convince the court that no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party

---

[1] The Fifth Circuit has held that Rule 56 applies only to the extent it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts), *cert. granted in part on other grounds, and dism'd*, 124 S. Ct 1652 (2004). Therefore, 28 U.S.C. § 2254(e)(1)–which mandates that findings of fact made by a state court are "presumed to be correct"–overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 106 S. Ct. at 2552; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,106 S. Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

**Analysis**

**I.     Voluntariness of the Plea Agreement**

Petitioner challenges the voluntariness of his guilty plea on the grounds that he did not understand the nature of a drug-free zone charge, nor was he aware of potential defenses to the charge. Petitioner asserts that neither the attorney nor the court explained to him that pleading guilty to a drug charge in a drug-free zone precluded him from parole consideration during his sentence. "A federal court will uphold a guilty plea challenged in a habeas proceeding if the plea was knowing, voluntary and intelligent." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A guilty plea is considered knowing and voluntary so long as a defendant knows "the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) *(citing United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990)). As long as Petitioner "understood the length of time he might possibly receive, he was fully aware of his plea's consequences." *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982). In the present case, the trial Judge properly admonished Jones that the maximum possible punishment for the crime for which he pleaded guilty was 20 years. The

3

fact that Petitioner may not have been aware of the parole consequences of his plea is not relevant to the constitutional voluntariness of his plea. Therefore, Petitioner's guilty plea was entered knowingly and voluntarily as a matter of law.

## II. Defective Indictment

Petitioner argues that his indictment was defective because it failed to allege facts establishing that Petitioner was within a drug-free zone and the date of the prior conviction giving rise to the enhancement of his charge was incorrect. However, "[t]he sufficiency of a state indictment is not a matter for federal habeas relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (*citing Branch v. Estelle*, 631 F.2d 1229 (5th Cir.1980)). Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue. *Millard v. Lynaugh*, 810 F.2d 1403 (5th Cir.1987). In the present case, the Texas Court of Criminal Appeals denied Petitioner's state writ without written order. That writ included the allegation that his indictment was defective. By denying Petitioner's writ, "the Texas Court of Criminal Appeals has necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose." *Alexander v. McCotter*, 775 F.2d 595, 599 (5th Cir. 1985). Therefore, the sufficiency of the state indictment is not a matter for federal habeas relief.

## III. Sufficiency of Evidence

Petitioner also alleges that his conviction was based on evidence obtained pursuant to an illegal arrest and generally insufficient evidence. However, because the Court finds that Petitioner's guilty plea was knowing and voluntary, that plea renders the sufficiency of other evidence irrelevant. A guilty plea is, in fact, itself a conviction. *Kelly v. Alabama*, 636 F.2d 1082, 1083 (5th Cir. 1981). "A plea of guilty and the ensuing conviction encompass all of the factual and legal elements

4

necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989). Once a guilty plea has been entered, all non-jurisdictional defects in the proceedings are waived, except claims of ineffective assistance of counsel relating to the knowing and voluntary nature of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Therefore, summary judgment is appropriate as to Petitioner's allegations that his conviction was based upon insufficient and/or illegally obtained evidence.

## IV. Ineffective Assistance of Counsel

### A. Ineffective Assistance Standard of Review

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court laid out the basic framework for evaluating ineffective assistance of counsel claims. To succeed on an ineffective assistance claim a petitioner must make two showings. First, he must demonstrate that his lawyer's performance was so derelict that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Then he must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Court elaborated on this standard in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that, "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him," even if the outcome of the trial might have been different but for counsel's errors. *Id.* at 372. The *Strickland* test is equally applicable in the context of plea agreements. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). However, in the plea bargain context the second prong of the *Strickland* test is addressed to whether or not a defendant would have proceeded to trial instead of accepting the plea. *Id.* at 59.

Because conducting a trial is an art, not a science, the courts indulge a heavy presumption "that counsel's conduct falls within the wide range of reasonable professional assistance."

5

*Strickland*, 466 U.S. at 689. In addition, reviewing courts must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In noncapital cases this standard requires a habeas petitioner to make a showing of "significant prejudice." *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994) (quoting *Spriggs v. Collins*, 993 F.2d 85, 88, n.4 (5th Cir. 1993)).

**B. Application of the Standard**

Petitioner alleges that trial counsel failed to investigate and apprise him of the admissibility of the Government's evidence. Although it is frequently invoked in criminal trials, the Fourth Amendment is not a trial right. *Ward v. Dretke*, 420 F.3d 479 (5th Cir. 2005). "Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). To establish "prejudice" in the context of a plea agreement, Petitioner must show that the evidence Petitioner challenges likely would have been excluded at trial and, that in the absence of this evidence, Petitioner would likely have succeeded at trial. *Hill*, 474 U.S. at 57.

However, where, as here, the highest court of the state has reviewed and denied Petitioner's allegation, this Court will only grant federal habeas relief if it can be shown that the adjudication of that allegation:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

6

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d).

Because state habeas relief was denied without opinion, the Court "assumes that the state court applied the proper 'clearly established Federal law'. . . ." *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003). In the context of an ineffective assistance of counsel claim, that clearly established law is the analysis set forth in *Strickland*. Therefore, the Court will assume that the Texas court applied the *Strickland* analysis and found either that Petitioner's counsel was not deficient or that Petitioner was not prejudiced by his counsel's performance. Petitioner has presented no facts in his writ that could lead the Court to conclude that the state court unreasonably applied the standards set forth in *Strickland* or unreasonably interpreted the facts set forth in the state writ. Therefore, the Court finds that Petitioner has failed to meet his burden of proof and summary judgment is appropriate as to his ineffective assistance of counsel claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253, Petitioner needs to obtain a certificate of appealability before he can appeal the dismissal of his petition. A certificate of appealability may be issued only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2); *Williams v. Puckett*, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing, Petitioner must demonstrate that reasonable jurists could disagree on the issues at bar, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998); *see also Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). For the reasons stated in this Order, Petitioner has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81

F.3d 567, 569 (5th Cir. 1996). Therefore, the Court **DENIES** the issuance of a certificate of appealability in this action.

**Conclusion**

The Court **ORDERS** the following:

1.  Respondent's Motion for Summary Judgment (Dkt. #8) is **GRANTED**.

2.  This action is **DISMISSED**.

3.  A certificate of appealability is **DENIED**.

It is so ORDERED.

Signed this 29th day of September, 2005.

*John D. Rainey*
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE